IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WILLIAM R. DOWNING, JR.                                          PLAINTIFF

v.                              No. 4:15-cv-570-DPM

DEPARTMENT OF FINANCE AND
ADMINISTRATION, an Agency of the
State of Arkansas; BOB HAUGEN, Individual
and Official Capacity; and DAVID JUSTICE,
Individual and Official Capacity                                 DEFENDANTS

ORDER

1. William Downing worked for the Arkansas Department of Finance and Administration as a surplus agent. His job involved storing, moving, lifting, and selling heavy items. Downing had hip problems. For a while the Department accommodated them. It eventually gave Downing FMLA leave for a hip replacement. But Downing says two supervisors, Bob Haugen and David Justice, wouldn't let him return to his old job unless he was 100% better—meaning no accommodations. Downing says he couldn't do it. The Department fired him. He claims all this violated several federal statutes and the Arkansas Civil Rights Act. Has Downing pleaded plausible claims?

2. **Claims.** Downing helpfully outlined his claims in response to defendants' motion to dismiss. № 21 at 7–8. Here they are, by statute:

| Statute | Defendant | Capacity | Relief |
|---|---|---|---|
| Rehab Act | Department | Official | Lost Wages; Compensatory Relief; Injunctive Relief; Fees and Costs |
| ADA | Haugen; Justice | Official | Injunctive Relief; Fees and Costs |
| FMLA | Haugen; Justice | Official & Individual | Back Pay; Benefits; Liquidated Damages; Injunctive Relief; Fees and Costs (relief tailored to capacities) |
| ACRA | Haugen; Justice | Individual | Lost Wages; Compensatory Damages; Punitive Damages; Fees and Costs |

3. **Immunities.** Downing's clarification tracks the law on sovereign immunity. He seeks only prospective injunctive relief on his official capacity claims under the ADA and FMLA. And Downing alleges enough about Haugen's and Justice's leave-related actions and FMLA training to forestall qualified immunity on the pleadings. № 12 at ¶¶ 10-11, 14, 31; *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002). Haugen and Justice are statutorily immune, though, from Downing's ACRA claim. There's no allegation of malice or liability insurance — just a bare allegation of willfulness. *Langford v. Norris*, 614

F.3d 445, 465 (8th Cir. 2010); *compare Barton v. Taber*, No. 14-3280, slip op. at 11 (8th Cir. 27 April 2016) (complaint sufficient against qualified immunity *and* statutory immunity defenses). Downing's ACRA claim therefore fails. The related request for punitive damages drops out too.

**4. Adequacy of Pleadings.** Downing pleaded enough facts to make his other claims plausible: He had hip problems but could work with a reasonable accommodation; he took leave to get treatment; he wasn't allowed to return to his former job. № 12 at 2–4; *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). He explained how various parts of this story violated the law. № 12 at 4–8. Downing didn't have to plead how he may navigate through *McDonnell Douglas* down the road. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002). He just had to show, in short and plain terms, entitlement to relief. FED. R. CIV. P. 8(a). He's done that.

**5. Amendment.** Downing seeks leave to amend as a hedge against dismissal. № 20 at 2. But amending to allege malice would be futile. Downing has already amended once. And the facts in his fuller amended complaint don't indicate maliciousness. So a new allegation of malice would be conclusory, like the existing allegation of willfulness. His request to amend

is therefore denied. *Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999).

*   *   *

Motion, № 18, granted in part and denied in part. Downing's ACRA claim is dismissed without prejudice. The case goes forward on the other claims listed in the chart on page two.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

27 April 2016