IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

WILLIAM R. DOWNING, JR.                                                                PLAINTIFF

VS.                                         CASE NO:  4:15-CV-00570

DEPARTMENT OF FINANCE AND ADMINISTRATION,
An Agency of the State of Arkansas
BOB HAUGEN, Individual and Official Capacity
And , DAVID JUSTICE, Individual and Official Capacity                DEFENDANTS

BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARYJUDGMENT

Plaintiff, William Downing, by and through his attorneys, for his Brief in Support of the Motion for Partial Summary Judgment, states:

I.    ADA claims.

The Defendant has conceded that it required a full release from the Plaintiff in order for him to return to work. See Depo at P. 11 attached as Exhibit B; Ex F.  This is a blanket exclusion that is impermissible under the ADA and Section 504. See Sarsycki v. United Parcel Serv., 862 F. Supp. 336, 341 (W.D. Okla. 1994) (individualized assessment "necessary if persons with disabilities are to be protected from unfair and inaccurate stereotypes and prejudices"); see also School Bd. v. Arline, 480 U.S. 273, 287, 94 L. Ed. 2d 307, 107 S. Ct. 1123 (1987) (Rehabilitation Act case in which Court noted that whether person is otherwise qualified should "in most cases" be made by "individualized inquiry").  This Court has not considered per se violations of the ADA as the result of a defendant's policies or procedures. Other courts have involved Title II of the ADA, which pertains to public entities or public services, rather than Title I, which pertains to employment. See, e.g., Stillwell v. Kansas City, Mo., Bd. of Police Comm'rs, 872 F. Supp. 682,  686-88 (W.D. Mo. 1995) (under Title II, the public entity provision of the ADA, 42 U.S.C. §§ 12131-12165, a blanket exclusion of one-handed applicants from licensing as police officers was a per se violation); Coleman v. Zatechka, 824 F. Supp. 1360, 136769 (D. Neb. 1993) (Title II of ADA "prohibits using

assumptions of [disqualification because of disability] rather than facts and conclusions gleaned from individualized inquiry," citing 28 C.F.R. Pt. 35, App. A at 349, and such an assumption "falls far short of the individualized assessment that is required by the ADA."); Galloway v. Superior Court of Dist. of Columbia, 816 F. Supp. 12, 18-19 (D.D.C. 1993) (Title II of the ADA prohibited assumption that blind persons could not serve on juries, because, with or without reasonable accommodation, blind persons could serve on juries in a number of cases, thus "categorical exclusion of all blind persons from Superior Court juries violates the ADA"); Anderson v. Little League Baseball, Inc., 794 F. Supp. 342, 345 (D. Ariz. 1992) (Title III, regarding public accommodations, requires individualized inquiry, and prohibits blanket exclusions, such as the one in question which "amounted to an absolute ban on coaches in wheelchairs in the coachers box, regardless of the coach's disability or the field or game conditions involved. Regrettably, such a policy -- implemented without public discourse -- falls markedly short of the requirements enunciated in the Americans with Disabilities Act and its implementing regulations.").

Cases involving the employment provisions of the ADA, found in Title I of the Act, include Bombrys v. City of Toledo, 849 F. Supp. 1210, 1216-19 (N.D. Ohio 1993). In that case, the district court found that an irrebuttable presumption that an applicant cannot perform the essential functions of the job because of a disability, in this case, insulin-dependent diabetes, violated not only 42 U.S.C. § 12112(a) of Title I of the ADA, but the Fourteenth Amendment. Bombrys, 849 F. Supp. at 1216. The court found that the ADA requires a case-by-case assessment of disabilities, and does not permit blanket exclusions. Id. Another such case is Sarsycki v. United Parcel Service, 862 F. Supp. 336 (W.D. Okl. 1994), again involving a blanket policy against hiring insulin-dependent diabetics as drivers. In Sarsycki, the court held that under the ADA "individualized assessment is absolutely necessary if persons with disabilities are to be protected from unfair and inaccurate stereotypes and prejudices." Sarsycki, 862 F. Supp. at 341 (quoting Bombrys, 849 F. Supp. at 1219). Here, there was no attempt to engage

in a good faith interactive process. Ex B at Pp. 13-15.  Ex F is clear and unambiguous statement of disability discrimination.  Worry is just another word for stereotype.  Thus, Defendants have violated Section 504 and the ADA by failing to engage in a good faith interactive process and imposing a blanket exclusion.

    II.    FMLA

Defendants have also violated the FMLA by failing to reinstate Plaintiff to a similar position.  Defendants manipulated the job duties in order to avoid its responsibilities under the FMLA.  Regulations interpreting the Family and Medical Leave Act (FMLA), 29 U.S.C.S. § 2601 et seq., bar an employer from interfering with, restraining, or denying the exercise of (or attempts to exercise) any right provided by the FMLA. 29 C.F.R. § 825.220(a)(1). Examples of interference with FMLA rights include refusing to authorize FMLA leave, discouraging an employee from using such leave, and manipulation by an employer to avoid FMLA duties, such as changing the essential functions of the job to preclude the taking of leave. 29 C.F.R. § 825.220(b)(2).  The Defendants clearly admit the job functions were changed.  Ex B at P. 49.  Thus, Defendants have violated the substantive provisions of the FMLA by manipulating the job duties.

WHEREFORE, Plaintiff prays for an Order denying Defendant's Motion for Summary Judgment, for an Order granting him partial Summary Judgment and for all other appropriate relief.

    Respectfully Submitted,

    SUTTER & GILLHAM, P.L.L.C.
    Attorneys at Law
    P.O. Box 2012
    Benton, Arkansas 72018
    (501) 315-1910

By:    */s/ Luther Oneal Sutter*
        Luther Oneal Sutter, Ark. Bar No. 95031

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing has been served on 30th day of December, 2016, via ECF upon counsel for the Defendant:

Jennifer Merritt

> By:   */s/ Luther Oneal Sutter*
>        Luther Oneal Sutter, Ark. Bar No. 95031