# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

WILLIAM R. DOWNING, JR.                                         PLAINTIFF

v.                         No. 4:15-cv-570-DPM

DEPARTMENT OF FINANCE AND
ADMINISTRATION, an Agency of the
State of Arkansas; BOB HAUGEN and
DAVID JUSTICE, Both in their
Individual and Official Capacities                              DEFENDANTS

## ORDER

The Court much appreciates the parties' endorsement of the definitions/questions procedure, as well as their comments, objections, and suggestions on the particulars. Attachment one is a responding redline showing the changes the Court is inclined to make. Attachment two is a clean version. We'll talk further on these points this afternoon at the pretrial.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 March 2018

# Attachment One

- *Essential job functions* are the fundamental duties of Downing's job. Marginal functions are not essential functions of the job.
- *Equivalent* means virtually identical in terms of pay, benefits, and working conditions, including privileges, perquisites, and status. It must involve the same or substantially similar duties, skill, effort, responsibility, and authority.
- An *actual disability* is a physical or mental impairment that substantially limits one or more major life activities.
  - *Substantially limits* is a broad term. An impairment can be substantially limiting even though it doesn't prevent Downing from performing a major life activity. Impairments or effects of impairments that last (or are expected to last) less than six months may be substantially limiting. In deciding whether an impairment substantially limits a major life activity, you

should compare Downing's ability to perform the major life activity with an average person's ability.

- *Major life activities* include (but aren't limited to) performing manual tasks, walking, standing, lifting, bending, and working.

- Downing was *regarded as having a disability* if he had an actual or perceived physical impairment, regardless of whether the impairment limits or is perceived to limit a major life activity.

  - Downing cannot be regarded as having a disability if his impairment was transitory and minor.

  - A transitory impairment is one with an actual or expected duration of six months or less. (This is unlike an actual disability, which doesn't have a time limit.)

- Downing's disability (whether actual or perceived) was a *motivating factor* if that disability played a part in the Department's decision to fire Downing.

- An *accommodation* is a modification to the work place that allows a person with a disability to perform the essential functions of the job or allows the person to enjoy the same benefits and privileges as an employee without a disability.

- A *reasonable accommodation* is one that could reasonably be made under the circumstances and may include (but is not limited to): job restructuring; part-time or modified work schedules; reassignment to a vacant position; acquisition or modifications of equipment or devices; and other similar accommodations. Reasonable accommodation does not include creating a new position or bumping another employee in order to reassign a disabled employee.

Reasonable accommodation also does not necessarily mean the accommodation requested or preferred by Downing.

- ***Undue hardship*** means significant difficulty or expense to the Department. Some things to consider are:
    - The nature and cost of the accommodation;
    - The number, type, and location of the Department's various facilities;
    - The financial resources of the Department's facility that would be involved in providing the accommodation; the number of employees at that facility; and the overall impact of the accommodation on that facility;
    - The financial resources and size of the Department itself;
    - The type of work the Department performs, including the structure and functions of the Department's workforce.

# LIABILITY QUESTIONS

1. ~~What were the essential functions of Downing's job at the Department before he took leave? _____
_____
_____.~~

2. ~~Was it essential pre-leave that Downing lift fifty pounds or more?~~

    ~~Yes _____    No _____~~

3. ~~What were the essential functions of Downing's job at the Department after he returned from leave? _____
_____
_____.~~

4. ~~Was it essential post-leave that Downing lift fifty pounds or more?~~

    ~~Yes _____    No _____~~

5. ~~Based on your answers to Questions 1 through 4, compare the essential functions of Downing's job before and after he took leave. Consider whether the pre-leave and post-leave jobs were substantially similar in skill, effort, responsibility, and authority. Are there any material differences, or were the jobs substantially the same?~~

    1. Were Downing's pre-leave and post-leave jobs equivalent?
    Yes _____    No _____.

If you answered "no," would the Department have made the same changes to Downing's pre-leave job even if Downing had not taken FMLA leave?
    Yes \_\_\_  No \_\_\_.

~~6.~~ 2. When Downing returned from leave, was he able to perform the essential functions of his pre-leave job?
    Yes \_\_\_  No \_\_\_

~~7.~~ 3. Did Downing have an actual disability?
    Yes \_\_\_  No \_\_\_

If you answered "yes," did the Department know about Downing's disability?
    Yes \_\_\_  No \_\_\_

~~8.~~ 4. Whether Downing was actually disabled or not, did Bob Haugen or David Justice regard Downing as having a disability?
    Yes \_\_\_  No \_\_\_

~~9.~~ 5. At the time Downing was fired, did his hip-related restrictions prevent him from being able to perform any essential job functions?
    Yes \_\_\_  No \_\_\_

~~10.~~ 6. Was Downing fired solely because of an actual or perceived disability?
    Yes \_\_\_  No \_\_\_

**If you answered "yes" to Question ~~10~~ 6, skip Question ~~11~~ 7.**

~~11.~~ 7. Was Downing's actual or perceived disability a motivating factor in the Department's decision to fire Downing?

     Yes _____  No _____

If you answered "yes," would the Department have fired Downing even if it had not considered his disability?

     Yes _____  No _____

**Answer the remaining Questions ~~12, 13, 14, 15, & 16~~ only if you found (see Question ~~7~~ 3) that Downing was actually disabled and that the Department knew it.**

~~12.~~ 8. After returning from leave, did Downing seek an accommodation for any disability?

     Yes _____  No _____

~~13.~~ 9. At the time Downing was fired, could he have performed the essential functions of his job with a reasonable accommodation?

     Yes _____  No _____

If you answered "yes," would providing the accommodation have created an undue hardship on the Department?

     Yes _____  No _____

~~14. Did the Department make a good faith effort to accommodate Downing after he returned from leave?~~

     ~~Yes _____  No _____~~

~~15. After Downing returned from leave, was a work schedule other than the new schedule possible without creating an undue hardship on the Department?~~
           ~~Yes____       No____~~

~~16.~~ 10. If you conclude that Downing requested an accommodation (see Question ~~12~~ 8), was he fired solely because he sought that accommodation?
     Yes ____    No ____   Inapplicable ____

# Attachment Two

- *Essential job functions* are the fundamental duties of Downing's job. Marginal functions are not essential functions of the job.

- *Equivalent* means virtually identical in terms of pay, benefits, and working conditions, including privileges, perquisites, and status. It must involve the same or substantially similar duties, skill, effort, responsibility, and authority.

- An *actual disability* is a physical or mental impairment that substantially limits one or more major life activities.
    - *Substantially limits* is a broad term. An impairment can be substantially limiting even though it doesn't prevent Downing from performing a major life activity. Impairments or effects of impairments that last (or are expected to last) less than six months may be substantially limiting. In deciding whether an impairment substantially limits a major life activity, you

should compare Downing's ability to perform the major life activity with an average person's ability.

- *Major life activities* include (but aren't limited to) performing manual tasks, walking, standing, lifting, bending, and working.

- Downing was *regarded as having a disability* if he had an actual or perceived physical impairment, regardless of whether the impairment limits or is perceived to limit a major life activity.

  - Downing cannot be regarded as having a disability if his impairment was transitory and minor.
  - A transitory impairment is one with an actual or expected duration of six months or less. (This is unlike an actual disability, which doesn't have a time limit.)

- Downing's disability (whether actual or perceived) was a *motivating factor* if that disability played a part in the Department's decision to fire Downing.

- An *accommodation* is a modification to the work place that allows a person with a disability to perform the essential functions of the job or allows the person to enjoy the same benefits and privileges as an employee without a disability.

- A *reasonable accommodation* is one that could reasonably be made under the circumstances and may include (but is not limited to): job restructuring; part-time or modified work schedules; reassignment to a vacant position; acquisition or modifications of equipment or devices; and other similar accommodations. Reasonable accommodation does not include creating a new position or bumping another employee in order to reassign a disabled employee.

Reasonable accommodation also does not necessarily mean the accommodation requested or preferred by Downing.

- ***Undue hardship*** means significant difficulty or expense to the Department. Some things to consider are:

    - The nature and cost of the accommodation;

    - The number, type, and location of the Department's various facilities;

    - The financial resources of the Department's facility that would be involved in providing the accommodation; the number of employees at that facility; and the overall impact of the accommodation on that facility;

    - The financial resources and size of the Department itself;

    - The type of work the Department performs, including the structure and functions of the Department's workforce.

# LIABILITY QUESTIONS

1. Were Downing's pre-leave and post-leave jobs equivalent?
   Yes _____     No _____.

   If you answered "no," would the Department have made the same changes to Downing's pre-leave job even if Downing had not taken FMLA leave?
   Yes _____     No _____.

2. When Downing returned from leave, was he able to perform the essential functions of his pre-leave job?
   Yes _____     No _____

3. Did Downing have an actual disability?
   Yes _____     No _____

   If you answered "yes," did the Department know about Downing's disability?
   Yes _____     No _____

4. Whether Downing was actually disabled or not, did Bob Haugen or David Justice regard Downing as having a disability?
   Yes _____     No _____

5. At the time Downing was fired, did his hip-related restrictions prevent him from being able to perform any essential job functions?
   Yes _____     No _____

6. Was Downing fired solely because of an actual or perceived disability?

     Yes \_\_\_\_    No \_\_\_\_

**If you answered "yes" to Question 6, skip Question 7.**

7. Was Downing's actual or perceived disability a motivating factor in the Department's decision to fire Downing?

     Yes \_\_\_\_    No \_\_\_\_

If you answered "yes," would the Department have fired Downing even if it had not considered his disability?

     Yes \_\_\_\_    No \_\_\_\_

**Answer the remaining Questions only if you found (see Question 3) that Downing was actually disabled and that the Department knew it.**

8. After returning from leave, did Downing seek an accommodation for any disability?

     Yes \_\_\_\_    No \_\_\_\_

9. At the time Downing was fired, could he have performed the essential functions of his job with a reasonable accommodation?

     Yes \_\_\_\_    No \_\_\_\_

If you answered "yes," would providing the accommodation have created an undue hardship on the Department?

     Yes \_\_\_\_    No \_\_\_\_

**10.** If you conclude that Downing requested an accommodation (see Question 8), was he fired solely because he sought that accommodation?

Yes _____ No _____ Inapplicable _____